KOZINSKI, Circuit Judge,
concurring:
I join Judge O’Scannlain’s opinion, but write separately to emphasize what this case is not about. This is not a case where the investigating officers ordered a fellow officer to conduct a traffic stop because they lacked probable cause for a narcotics stop. Sergeant Meier had probable cause to order a narcotics stop, and that’s exactly what he did. He requested that the arresting officer make it look like a “traffic stop” as a safety measure, to prevent the risk of harm to a lone officer trying to make a narcotics arrest before backups could arrive on the scene. But that did not change the nature of the stop, which remained- — in substance — a narcotics stop.
*1038 Concern for the officer’s safety was entirely justified because the evidence suggested that the suspects were seasoned drug traffickers with access to sophisticated equipment to ply their trade. It was not unreasonable for Sergeant Meier to fear that the suspects might use force against the officer who made the stop, had they realized the real reason for it. Thus, disguising the stop as a “traffic stop” was a valid law enforcement tactic calculated to ensure an officer’s safety. The case would, of course, be quite different if an officer who had no probable cause or reasonable suspicion were to conduct (or direct another officer to conduct) a traffic stop in the hope of finding something illegal or delaying the suspect. That kind of pretextual traffic stop is clearly prohibited by the Fourth Amendment. See United States v. Wallace, 213 F.3d 1216, 1220-21 (9th Cir.2000).